Richardson, Ch. J.,
delivered the opinion of the court: The claimant was a first lieutenant in the Eighth Regiment United States Cavalry, when, on the 5th day of October, 1870, *276 the Secretary of War issued an order constituting a board of officers under the following provisions of the Act of July 15, 1870 (16 Stat. L., ch. 294, p. 318) :
“ Sec. 11. That the General of the Army and commanding officers of the several military departments of the Army shall, as soon as practicable after the passage of this act, forward to the Secretary of War a list of officers serving in their respective commands deemed by them unfit for the proper discharge of their duties, from any cause except injuries incurred or disease contracted in the line of their duty, setting forth specifically in each case the cause of unfitness.
“ The Secretary of War is hereby authorized and directed to constitute a board, to consist of one major-general, one brigadier-general, and three colonels — three of said officers to be selected from among those appointed to the regular Army on account of distinguished services in the volunteer force during the late war; and, on recommendation of such board, the President shall muster out of the service any of the said officers so reported with one year’s pay; but such muster-out shall not be ordered without allowing such officer a hearing before such board to show cause against it.”
A list of officers deemed unfit for the proper discharge of their duties was forwarded to the Seeretarv of War, one of' whom was the claimant. He was called before the board, the allegations were read to him, he was informed that interrogatories to witnesses had been sent out by the board, and that copies would be submitted to him. In order to afford him an opportunity to prepare interrogatories the case was postponed until another day. Subsequently depositions were read, some of which were presented by the claimant. He was permitted also to submit documents in his defense, including a written argument.
The board, “ after mature deliberation upon the evidence adduced,” found him unfit for service and recommended that he be mustered out. The finding was indorsed by the Secretary of War December 27, 1870, “ to be mustered out. Wm. W. Belknap, Sec. of War.” On the 28th of December, 1870, an order was issued as follows :
“ Washington, December 28, 1870.
“ 1. By direction of the President, on the recommendation of the board convened under section 11 Of the act approved July 15,1870, the following-named officers are hereby mustered *277 out of tbe service for cause other than ‘ injuries incurred or ■disease contracted in the line of their duty:’
■* # * * # * #
“1st Lieutenant Robert Garrick, 8th Cavalry:
* # # * , * * *
“By order of the Secretary of War.
“E. D. Townsend,
“ Adjutant-General.”
Thereupon he went out of service, presented an account for pay up to that time and one year’s pay in advance, which latter he specifies to be under act approved July 15,1870, section 11; in all, $1,892.
He made no objection whatever to any of the proceedings until more than seventeen years thereafter, when he offered his service to the War Department and claimed never to have been legally out of office. His offer was rejected. He now brings this action to recover the salary of the office as though he had continuously held it ever since December 28, 1870.
The theory of the claimant’s counsel is that the board of officers created under the provisions of section 11 of the Act of 1870 was in the nature of both a court-martial and a retiring board, and was subject to the provisions of the statutes relating to the same. Treating it as such he takes exceptions to the regularity of the proceedings, in that the board made rules which was beyond their authority, that the record fails to show the form of oath administered to witnesses and the official character of the persons by whom administered, incompetency of evidence admitted, and some other alleged irregularities : and, finally, that the whole proceedings were not laid before the President and approved by him as required as to courts-martial by Revised Statutes, section 1342, Articles of War, 104, p. 240.
In Duryea’s Case (17 C. Cls. R., 37), and cases there cited, we have held that the board of officers organized under the act of 1870, above quoted, was only an advisory board, not a court, and was not bound by the statute regulations of courts-martial, retiring boards, and other courts. But if it were otherwise, the record shows that the claimant appeared before the board, cross-examined the witness, made no objection to the admissibility of evidence nor to any of the proceedings from beginning to the end. This was a waiver of the irregularities of which he complains, even if they were such.
*278 Moreover, when the order was issued for his muster out he still made no objection, but accepted the result and took the benefit which the act proffered in such case — one year’s pay in advance — left the service, and never offered to perform any duty for more than seventeen years. This, of itself, was tantamount to a resignation and estops the claimant from successfully demanding either the pay or the office.
Still further, the office which he held has been filled by others by a series of appointments which, according to the decision in the Blake Case (103 U. S. R., 236), would cause his removal if he were not previously out of office.
In the JDuryea Case, and the cases there cited, we have fully expressed our views on all these points, and we need do no more now than to refer to the opinions in those cases.
The petition is dismissed.